**COLIN M. RUBICH**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
E-Mail: Colin.Rubich@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> vs. <br><br> **SAFARA ECHO SHORTMAN,** <br><br> Defendant. | CR 18-28-BLG-DLC <br><br><br> **OFFER OF PROOF** |

The United States of America, represented by Assistant United States Attorney Colin M. Rubich, files its offer of proof in anticipation of the change of plea hearing set in this case on April 17, 2018.

1

## THE CHARGE

The defendant, Safara Echo Shortman, is charged by indictment with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count I) and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count II).

## PLEA AGREEMENT

There is not a plea agreement in this case. Shortman will plead guilty to the indictment without benefit of a written plea agreement. In the government's view, this is the most favorable resolution of this case for the defendant. *See Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS OF THE CHARGE

In order for Shortman to be found guilty of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, as charged in Count I of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

**First**, there was an agreement between two or more people to possess methamphetamine with intent to distribute; and

**Second**, the defendant entered the agreement knowing of its objectives and intending to accomplish at least one of those objectives.

Additionally, while not a formal element of the offense, the government would also have to prove beyond a reasonable doubt that the conspiracy involved 50 or more grams of actual methamphetamine.

In order for Shortman to be found guilty of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), as charged in Count II of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant knowingly possessed 50 grams or more of actual methamphetamine; and

**Second**, the defendant possessed it with the intent to distribute it to another person.

## PENALTY

Each charge contained in the indictment carries a mandatory minimum ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

In the fall of 2017, EMHIDTA Agents received information from a confidential informant that the defendant, Safara Shortman, was distributing large quantities of methamphetamine. Through use of the confidential informant,

agents purchased one ounce of methamphetamine from Shortman on October 26, 2017. On November 1, 2017, agents conducted another controlled purchase of one ounce of methamphetamine. On November 9, 2017, agents conducted a third controlled purchase for two ounces of methamphetamine. Laboratory tests were conducted on several of these purchases. Each time, the methamphetamine tested more than 95% pure.

DATED this 10th day of April, 2018.

KURT G. ALME
United States Attorney

*/s/ Colin M. Rubich*
COLIN M. RUBICH
Assistant U.S. Attorney