

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>SAFARA ECHO SHORTMAN,<br><br>Defendant/Movant. | Cause No. CR 18-028-BLG-DLC<br>CV 18-117-BLG-DLC<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Safara Echo Shortman's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Shortman is a federal prisoner proceeding pro se.

The transcripts of the change of plea hearing, held April 26, 2018, and the sentencing hearing, held July 17, 2018, are needed to decide the issues Shortman presents. The United States will be required to order these transcripts for the record and to deliver a copy to Shortman. *See* 28 U.S.C. § 753(f).

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that

1

the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

In three monitored transactions, Shortman sold four ounces of methamphetamine to a confidential informant. The methamphetamine was at least 95% pure. Without a plea agreement, Shortman pled guilty to one count of conspiring to possess 50 grams or more of actual methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 846 (Count 1); and one count of possessing the same with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 2). She was sentenced to serve 120 months in prison, the statutory mandatory minimum, *see* 21 U.S.C. § 841(b)(1)(A)(viii), to be followed by a five-year term of supervised release. *See* Minutes (Docs. 21, 27); Judgment (Doc. 29) at 2–3.

2

Shortman timely filed her § 2255 motion on December 20, 2018 (Doc. 31).

### III. Claims and Analysis

On July 3, 2019, the Court briefly described the requirements of *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984), and ordered Shortman to explain the factual basis of her claims more clearly. She responded on July 18, 2019.

#### A. Mandatory Minimum Sentence

Shortman alleges that her guilty plea was involuntary because she did not understand she faced a ten-year mandatory minimum sentence. *See* Mot. § 2255 (Doc. 31) at 4. She also alleges that "[s]he was never informed about the federal sentencing guidelines, and that her felony offense would render nothing less than a mandatory minimum of 10 years." Resp. to Order (Doc. 34) at 2. And she avers that a mandatory minimum "is not explained to most defendants." *Id.*

Every defendant in a federal criminal case must be advised of any mandatory minimum sentence. *See* Fed. R. Crim. P. 11(b)(1)(H), (I). The record of the change of plea hearing in Shortman's case shows she knew about both the guidelines and the mandatory minimum sentence.

Shortman says she "may have opted to go to trial" had she understood that ten years was "the 'only' available sentence." Resp. to Order at 3. But ten years was not the *only* available sentence. It was the *minimum* available sentence.

3

Shortman could have been sentenced to more than 120 months if, for instance, trial gave the United States an opportunity to call witnesses who could testify that Shortman was responsible for more than 150 grams of actual methamphetamine. *See, e.g.*, U.S.S.G. § 2D1.1(c)(4), (5) (Nov. 1, 2016); Presentence Report ¶ 8 (reporting that, in the first transaction, Shortman offered to sell four ounces, but informant bought only one ounce of 95% pure methamphetamine).

### B. Quantity and Purity of Methamphetamine

Shortman states that counsel failed to challenge the purity and quantity of the methamphetamine involved in the offense. *See* Mot. § 2255 at 6. She pled guilty to "dope on the table," methamphetamine that was weighed for quantity and analyzed for purity. She identifies no reason to suppose counsel could have contested the quantity or purity.

### C. Appeal

Shortman states that counsel failed to file a notice of appeal "when one was requested," *see* Mot. § 2255 at 5. She was ordered to explain when she requested an appeal and whether counsel responded to her request in any way. *See* Order (Doc. 33) at 2.

In response, Shortman repeats verbatim her allegation that "counsel failed to file a notice of appeal when one was requested." Resp. to Order at 2. She also asserts that a defendant "does not have to quote the 'magic word' appeal in order

4

for defense counsel to know to file one on their behalf." *Id.* She says she told counsel "she did not agree with what had just happened at sentencing, and that she wanted him to 'do something to help her.'" *Id.* Shortman does not address the Court's question "whether counsel responded to her in any way."

"We cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient." *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000). When counsel knows a client wants to appeal, he must file a notice of appeal. When counsel knows or should infer the client may be interested in appeal, counsel must *consult* with the client about appeal. *See id.* at 480.

The facts Shortman alleges do not support an inference that counsel *knew appeal* was her chosen recourse for "what had just happened at sentencing." She does not allege facts supporting an inference that counsel *failed to respond* to her comments that she was unhappy and wanted him to "do something." She does not fairly allege that she specifically instructed counsel to appeal but he refused or omitted to do so. She does not say anything that would negate the likelihood that counsel explained an appeal was waived and/or would almost certainly be dismissed, nor does she claim she told counsel she did not accept any advice against taking an appeal.

Shortman was not required to allege her claims with a high degree of

specificity in her original pleading. But she was required to explain what happened, and her failure to do so conclusively undermines her claim. She alleges only that she told counsel she was unhappy and asked him to "do something," and he did not file a notice of appeal. This allegation fails to show that counsel performed unreasonably and also fails to show that his unreasonable performance caused her to forfeit her appeal. The *Roe* claim is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Shortman's claims do not meet the relatively low threshold required for a COA. Contrary to her claim now, Shortman knew when she pled guilty that she faced a mandatory minimum sentence of ten years. She has not explained why she believes counsel could have challenged either the quantity or the purity of the

methamphetamine she sold to a confidential informant in three monitored transactions. And, despite an opportunity to explain her allegations more clearly, she does not allege facts showing that counsel performed unreasonably with respect to preserving her right to appeal or that counsel's unreasonable performance caused her to forfeit her appeal. Reasonable jurists would not encourage further proceedings. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing, held April 26, 2018, and the sentencing hearing, held July 17, 2018, are needed to decide the issues Shortman presents.

2. The United States shall immediately order the transcripts of those hearings for the Court's file and shall deliver copies to Safara Echo Shortman, BOP # 17107-046, FCI Waseca, Federal Correctional Institution, P.O. Box 1731, Waseca, MN 56093.

3. Shortman's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 31, 34) is DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Shortman files a Notice of Appeal.

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-177-BLG-DLC are terminated and shall close the civil file by entering

judgment in favor of the United States and against Shortman.

DATED this 27th day of August, 2019.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court