IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SAFARA ECHO SHORTMAN,<br><br>Defendant. | CR 18–28–BLG–DLC<br><br><br>ORDER |

Before the Court is Defendant Safara Echo Shortman's Motion for Early Termination of Supervision. (Doc. 71.) Shortman pled guilty to possession with intent to distribute methamphetamine, and on July 17, 2018, Shortman was sentenced to a custodial term of 120 months, followed by five years of supervised release. (Doc. 29.) This sentence was commuted by an act of clemency on December 20, 2024, by President Joseph R. Biden. (Doc. 69.) Consequently, Shortman began her period of supervised release on December 20, 2024. Shortman now seeks the premature termination of her remaining term of supervised release. (Doc. 71) The United States Attorney's Office defers to the discretion of this Court, and United States Probation takes no position. (Doc. 74.)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a

term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Shortman began her five-year term of supervised release on December 20, 2024, rendering her statutorily eligible for the premature termination of her remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Shortman's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Shortman waives it, or if the proposed modification is favorable to her and the United States does not object. The premature termination of Shortman's supervised release is obviously favorable to her and the United States does not object. (Doc. 74.) Accordingly, the Court will dispose of this matter without a hearing.

among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Shortman's remaining term of supervised release. On December 28, 2022, Shortman was released by the BOP to home confinement pursuant to the CARES Act COVID mitigation program. (Doc. 74 at 2.) In releasing her, the BOP determined that Shortman was a low-risk offender who could be safely supervised in the community. (*Id.*) It appears that Shortman did well while on home confinement and continues to do well while on supervised release. She has not used methamphetamine or otherwise broken the law. (*Id.*) Moreover, Shortman is working two jobs, has been rebuilding her relationship with her children, and has fulfilled all of her financial obligations associated with this offense. (*Id.* at 3.) Finally, Shortman has had only one instance of noncompliance while on supervision. (*Id.*) The Court wishes her luck.

Accordingly, IT IS ORDERED that the motion (Doc. 71) is GRANTED.

IT IS FURTHER ORDERED that Shortman's remaining term of supervised

release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED 21st day of January, 2026.

Dana L. Christensen, District Judge
United States District Court